RICHARD LESTER, Respondent,

*vs.*

JOHN M. FRENCH, Appellant.

APPEAL FROM THE COLUMBIA CIRCUIT COURT.

In a justice's court it is sufficient to declare orally, founding the action upon a written instrument filed with the justice, and stating the breaches complained of, without regard to technical precision.

When the parties themselves choose to resort to the usual technical forms of pleading before a justice of the peace, they will be held to reasonable precision and accuracy.

In an action for covenant broken, before a justice of the peace, the judgment for damages cannot exceed one hundred dollars, and if judgment be rendered for a greater sum, the error is fatal.

The judgment cannot exceed the amount claimed in the *ad damnum* clause of the declaration, and a judgment for a larger sum will be reversed for error unless a remittitur be entered.

This was an action commenced before a justice of the peace of Columbia county. The declaration was oral "in covenant," entered upon the justice's docket, upon a written agreement under seal, which was filed with the justice; which oral declaration was as follows :

" And the plaintiff says that the defendant has not kept, or performed any of the things by him, then and there agreed to be kept and performed, and hath entirely neglected and refused so to do, and to pay back to the plaintiff the one hundred dollars, paid by the said plaintiff to the said defendant at the time of making the said agreement, although the plaintiff says he has done, performed and kept in all things, his part of said agreement, that on the 12th day of November, 1856, tendered to said defendant the mortgage mentioned in said agreement, and demanded the deed there mentioned in said agreement, and paid said one hundred dollars at the making of said agree-

ment, which refusal and neglect of said defendant, was to the plaintiff's damage one hundred dollars, wherefore he sues, &c."

The defendant pleaded general and full performance. The justice rendered judgment for the plaintiff for $100, from which the plaintiff appealed to the circuit court; where on the trial the plaintiff introduced in evidence the following agreement, which had been filed with the justice, and which was signed by the parties:

"Memorandum of an agreement made this seventh day of October, A. D. 1856, by and between Richard Lester, of the town of Fox Lake, State of Wisconsin, of the first part, and John M. French, of Fort Winnebago, of the second part. The party of the first part agrees to purchase of the party of the second part the following piece of land, situated in the town of Fort Winnebago, and opposite of the mill property lately purchased by L. P. & H. M. Chapman, commencing in the center of the highway on the west side of the creek on A. Dates' east line, and running thence along the center of the highway about ten rods to a hub standing in the range of Chapman's dwelling house; thence southerly direction to a burr oak standing on the bank of a ditch—the ditch is the line and is about twenty-one rods from the above mentioned hub; thence along said ditch in a westerly direction to the west bank of said creek at low water mark to the place of beginning; for which the party of the first part agrees to pay to the party of the second part the sum of three hundred and fifty dollars, one hundred dollars down—the receipt of which is hereby acknowledged; and one hundred dollars in one year from date, and one hundred and fifty dollars in two years from date, with interest at twelve per cent. on all sums remaining unpaid. The party of the second part agrees that he will, within fifteen days, deliver to the party of the first part a good and sufficient warranty deed of the above described premises, with all of the privileges and appurtenances thereunto belonging; and the party of the first part agrees to mortgage the above premises to secure the above payments to the party of the second part. The party of the first part also agrees that, within one year from the first day of

December next, he will erect, or cause to be erected, a tavern house, two stories high and forty feet long by twenty-five wide, and all to be finished in good workmanlike manner. In witness whereof the parties have hereunto set their hands and seals. In presence of."

The plaintiff in the court below, proved that he had complied with the contract on his part, but the defendant refused to execute the deed called for by contract, unless the plaintiff would give security to build the house mentioned in the contract.

The circuit court rendered judgment for $102 in favor of the plaintiff, from which the defendant appealed to this court.

*Alvah Hand*, for the appellant.

*John Delaney*, for the respondent.

*By the Court*, SMITH, J. This is an appeal from a judgment of the circuit court of Columbia county in an action of covenant broken. The cause was commenced before a justice of the peace of the proper county, who rendered a judgment in favor of the plaintiff below, from which an appeal was taken to the circuit court, who affirmed the decision of the justice; to reverse which judgment of the circuit court the defendant appeals to this court.

After a careful inspection of the record we are unable to perceive any error in the proceedings of the circuit court, (except, perhaps, in the amount for which judgment was rendered, which will be presently considered).

It would indeed appear to be an anomaly in the science of pleading, to permit an *oral* declaration of a cause of action in covenant upon an instrument under seal. Nevertheless, section 45 of chapter 88 of the Revised Statutes, permits a brief verbal statement of the plaintiff's demand, on the appearance of the parties before the justice. The usual practice has been,

where the cause of action has been upon some written instrument, to file the same with the justice, and to declare the cause of action to be founded thereon, alleging the breaches from which the injury results, without regard to technical precision, or formal assignment. Upon similar pleadings, cases of a magnitude commensurate with the jurisdiction of the justice, have taken their course without objection, through all the spheres of litigation ; except in those cases in which the *parties themselves*, before the justice, have preferred, each and all, to adopt the strictly technical forms ; in which cases they have been held to reasonable precision and accuracy. Such, however, is not the case here, and we think the plaintiff has set out a sufficient cause of action in his declaration.

It is also assigned for error that the covenants in the contract are mutual and dependent, and that the plaintiff failed to prove performance on his part. Admitting the covenants to be mutual and dependent, it is quite clear that the plaintiff did prove that all he was required to perform had been done by him. He offered to complete the purchase, tendered his note and mortgage for the remainder of the purchase money corresponding with the contract, and demanded a deed. He could do no more. He was not bound by his contract to give security for the building of the house, and the plaintiff in error had no right to demand it.

It is further insisted on the part of the plaintiff in error that the plaintiff below proved no damage and was not entitled to recover any. We are at a loss to conceive the propriety of such an objection made in the face of the bill of exceptions. It was in proof that the plaintiff paid one hundred dollars on the purchase money to the defendant at the time of making the contract, that he was at the trouble and expense of making the mortgage, as likewise the demand for the deed. All these facts were fully proved before the court, whose duty it was to consider them in estimating the damage, and would have warranted a verdict for a larger amount if the jurisdiction of the justice and the *ad damnum* of the declaration would have allowed it.

But the objection taken to the amount of the judgment seems to us insuperable. The amount claimed in the declaration is only one hundred dollars, and the amount of the judgment is one hundred and two dollars and thirty-three cents. We regret this the more, as the other objections of the plaintiff in error appear to be merely frivolous, and this one purely technical.

But as the case stands, unless the defendant in error comes in and remits the excess, we will be compelled to reverse the judgment.